# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Hugo Mejia-Fernandez** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:11CR01672-001JB**<br>USM Number: **62570-051**<br>Defense Attorney: **Kenneth Gleria, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Possession with Intent to Distribute a Mixture and Substance Containing Methamphetamine | 06/03/2011 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 4, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 11, 2012**
Date Signed

Defendant: **Hugo Mejia-Fernandez**
Case Number: **1:11CR01672-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **87 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

Defendant Hugo Mejia-Fernandez, pursuant to a Plea Agreement, filed August 18, 2011 (Doc. 30), pled guilty to the Information, filed August 18, 2011 (Doc. 27), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being possession with intent to distribute a mixture and substance containing methamphetamine. The Plea Agreement stipulates to a sentence of 87-months imprisonment. See Plea Agreement ¶ 9, at 4. Pursuant to the Plea Agreement, Mejia-Fernandez is precluded from seeking any downward departure or variance in his sentence. See Plea Agreement ¶ 9, at 4-5.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Mejia-Fernandez on October 21, 2011. In the PSR, the USPO calculates Mejia-Fernandez` total offense level to be 33. See PSR ¶ 24, at 8. The PSR applies a base offense level of 36 under U.S.S.G. § 2D1.1. See PSR ¶ 17, at 7. The PSR notes that there is not sufficient information to conclude whether Mejia-Fernandez is eligible for a reduction on his offense level for his minor role in the criminal activity. See PSR ¶ 20, at 8. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Mejia-Fernandez` acceptance of responsibility. See PSR ¶ 23, at 8. The PSR lists his criminal history category as II, based on 2 criminal history points. See PSR ¶ 29, at 11. The PSR calculates that an offense level of 33 and a criminal history category of II results in a guideline imprisonment range of 151 to 188 months. See PSR ¶ 50, at 15. On July 26, 2011, the USPO disclosed the Re-Disclosed Presentence Investigation Report to correct some information in the PSR and to address some of Mejia-Fernandez` requests. There being no disputes about the factual findings in the Re-Disclosed PSR, the Court adopts them as its own.

Mejia-Fernandez asks the Court for an 87-month sentence. Plaintiff United States of America agreed to this sentence in the Plea Agreement. See Plea Agreement ¶ 9, at 4. At the sentencing hearing on November 4, 2011, the parties agreed to the Court reducing Mejia-Fernandez` offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the Re-Disclosed PSR as its own. A criminal offense level of 33 and a criminal history category of II produces a guideline sentence of 151 to 188 months.

The Court notes that Mejia-Fernandez possessed with the intent to distribute a mixture and substance containing methamphetamine by transporting the substance on his person via bus. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Mejia-Fernandez` offense. The Court agrees with the parties that a sentence of 87 months is sufficient to reflect the seriousness of this offense.

The Court finds it significant that Mejia-Fernandez has no prior convictions involving drug offenses. When the parties entered into the Plea Agreement, they contemplated that Mejia-Fernandez might be eligible for a 2-level reduction to his offense level for a safety-valve reduction and a 2-level reduction for a minor role adjustment. The Court recognizes that Mejia-Fernandez does not appear to have played a significant role in drug trafficking, as it appears he only transported the drugs. His lack of prior drug convictions and lack of prior felony convictions supports that conclusion. The application of a minor role adjustment would have further reduced his offense level 3 levels under U.S.S.G. § 2D1.1(a)(5), because his base offense level is 36. See U.S.S.G. § 2D1.1(a)(5) ("[I]f (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is . . . level 34 or level 36, decrease by 3 levels . . . ."). Mejia-Fernandez` prior misdemeanor assault conviction eliminated the chance for a safety-valve reduction. Applying the 2-level reduction for a minor-role adjustment, a 3-level reduction under U.S.S.G. § 2D1.1(a)(5), and a 3-level reduction for acceptance of responsibility yields an offense level of 28. An offense level of 28 and a criminal history category of II yields a guideline imprisonment range of 87 to 108 months. Given that Mejia-Fernandez likely deserves a minor-role adjustment, the Court believes the parties` agreed upon sentence of 87-months imprisonment, which is at the bottom of the advisory guideline range that would result from the application of a minor role adjustment, has a sound basis and reflects the parties` realistic evaluation of the proper sentence in this case as reflected by the guidelines.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 87 months is appropriate to reflect the seriousness of Mejia-Fernandez`

crime. **This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). This crime is a serious offense, but Mejia-Fernandez played a minor role in the drug trafficking at issue. Given that he likely deserves a minor-role adjustment, the Court believes that the sentence reflects the seriousness of the offense. For the same reasons, the Court believes the sentence promotes respect for the law. Mejia-Fernandez has no prior felony convictions and no prior drug convictions. Furthermore, he was almost eligible for a safety-valve reduction. Given those circumstances, the Court believes that the sentence provides just punishment to Mejia-Fernandez. An 87-month sentence is a significant sentence, and the Court believes it affords adequate deterrence to both Mejia-Fernandez individually and to the public at large. The Court is concerned about Mejia-Fernandez` prior misdemeanor assault conviction, but his lack of other significant criminal history leads the Court to believe he will not pose a significant risk to the public upon release. Furthermore, Mejia-Fernandez will be approximately thirty years old upon release from his term of imprisonment and will thus have a lower risk of recidivism. Given Mejia-Fernandez` minor role, the Court does not believe that this sentence will create unwarranted sentencing disparities among similarly situated defendants; in fact, the variance is necessary to bring his offense level in line with more similarly situated defendants. He is not similar to those who would receive a sentence of 151 months. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Mejia-Fernandez to 87-months imprisonment.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**Phoenix Federal Correctional Institution, Phoenix, Arizona, if eligible**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at  on
   ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on
   ☐ as notified by the United States Marshal
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Hugo Mejia-Fernandez**
Case Number: **1:11CR01672-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Hugo Mejia-Fernandez**
Case Number: **1:11CR01672-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

**Standard Conditions 5 and 13 shall not apply.**

Defendant: **Hugo Mejia-Fernandez**
Case Number: **1:11CR01672-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.