IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.                                                                          CIV 12-1093 JB/KBM
                                                                            CR  11-1672 JB

HUGO MEJIA-FERNANDEZ,

      Defendant-Movant.

## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Hugo Mejia-Fernandez' pro se motion seeking habeas relief under 28 U.S.C. § 2255.[1]  Because one issue is potentially meritorious, I recommend that the Federal Public Defender be appointed to represent Defendant.  I further recommend that this matter proceed to an evidentiary hearing if the parties are unable to resolve the sentencing issue.[2]

-------------------

[1] Although the federal form for initiating a § 2255 action is captioned "motion," as is the common practice both in this Court and the Tenth Circuit, I refer to the document as a "petition."  *See e.g., United States v. Shipp*, 589 F.3d 1084, 1086 (10th Cir. 2009) ("appeals the district court's denial of his 28 U.S.C. § 2255 habeas petition"); *United States v. Joe Cobos,* CIV 12-0815 JB/GBW (Doc. 3 at 1) ("Petitioner's Numerically Second Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255"); *United States v. Donald H. Goode,* CIV 08-0666 (Doc. 17 at 1, n.1) (overruling objections to order of parties in captions to 2255 cases).  Unless otherwise noted, citations to "Doc." are the documents filed in this civil action.

[2] *See, e.g.,* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues

## Note On Scanning

Defendant used the standard form petition for 2255 proceedings.  Page 5 of the form petition contains the allegations Defendant makes for "Ground One," page 6 contains the allegations he makes for "Ground Two," and page 8 leaves "Ground Four" blank.  The Court's scanned version of the petition omits page 7 of the form, without explanation by the Clerk whether the original copy likewise omitted this page.  If Defendant intended to raise a third claim, it would have been located on page 7.  *See Doc. 1* at 5-7.

The United States' response addresses the two multi-part claims presented at pages 5 and 6 of the petition.  *See Doc. 7* (*"Response"*).  Defendant did not, nor was he required to, reply to that response.  If Defendant raised a third claim in the original petition, he should notify the Court of that claim within the time to file objections to this report and recommendation.

## Factual Background

Defendant, a young man aged twenty-two at the time of these relevant events, is not a citizen of the United States.  *See, e.g., United States v. Hugo Mejia-Fernandez,* CR 11-1672 JB (Doc. 46 at 3, 7) (*"Plea Transcript"*); *id.* (Doc. 45 at 14) (*"Sentencing Transcript"*); *see also Presentence Report,* at 1-2 (*"PSR"*).  A Drug Enforcement Administration Special Agent spoke with him at the Greyhound Bus Station and obtained

---

and make findings of fact and conclusions of law with respect thereto."); Rule 8(a), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.").

Defendant's permission to search him for contraband.  The agent found two packages of methamphetamine strapped to Defendant's mid-section which were concealed under his shirt.  *See id.* (Doc. 30, ¶ 7) ("*Plea Agreement*"); *Plea Transcript* at 4, 9-10; *PSR*, ¶¶ 7-11.

The United States initially charged Defendant with one count of possession with intent to distribute "500 grams and more  . . . of methamphetamine" in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(**A**).  *See United States v. Hugo Mejia-Fernandez,* CR 11-1672 JB (Docs. 13, 14 - Indictment and Redacted Indictment) (emphasis added).  As such, before he pleaded guilty, he faced a statutory mandatory minimum sentence of ten-years incarceration, and a statutory maximum sentence of life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A).

However, Defendant pleaded guilty to an Information that omitted mention of the amount of drugs and charged him with a violation of "21 U.S.C. §§ 841(a)(1) and (b)(1)(**C**)."  *See United States v. Hugo Mejia-Fernandez,* CR 11-1672 JB (Doc. 27 – Information) (emphasis added); *see also Plea Agreement,* ¶ 3.  Subsection C provides only for a statutory <u>maximum</u> sentence of twenty years.  *See* 21 U.S.C. § 841(b)(1)(C); *Plea Agreement,* ¶ 4; *Plea Transcript* at 7-8.  Thus, the guilty plea to the charge in the Information allowed Defendant to avoid the imposition of a mandatory minimum sentence.  *See Response* at 11, 13; *see generally United States v. Goncalves,* 642 F. 3d 245, 255 (1ˢᵗ Cir.) ("The government points out that . . . 841(b)(1)(C), had no mandatory sentence at all."), *cert. denied,* 132 S. Ct. 596 (2011).

Indeed, the plea to the charge in the Information was of special significance to Defendant because it was counsel's opinion that the Defendant's past state conviction

disqualified him from any "safety valve" adjustment to a sentence below a mandatory

minimum sentence. *See Sentencing Transcript* at 4-6. Defendant's attorney had

explained this technicality to him "several times." *Id.* at 6.

      The prior conviction that counted toward the Guidelines criminal history arose in

the context of a domestic relations dispute. In that case, he pleaded guilty to

misdemeanor assault in Chandler Municipal Court in Chandler Arizona, was sentenced to

one year of probation and to ninety days imprisonment, and received a suspension of

sixty days imprisonment pending completion of probation. The state court later

sentenced him to serve the sixty days, however, after Defendant failed to report to his

probation officer and his probation was revoked. *See PSR,* ¶ 27.

      But for this probation violation, Defendant would have been eligible for the

"safety valve" and two-point reduction from the base offense level, and his Guideline

range would have been 63 to 78 months – roughly 6 ½ years – incarceration. *See id.* at 7-

8. Based on the statute to which he pleaded guilty, the Federal Sentencing Guidelines

("Guidelines") calculations yielded an imprisonment range of 151 to 188 months. *See*

*PSR,* ¶ 50; *Sentencing Transcript* at 3. In Defendant's Rule 11(c)(1)(C) guilty plea, he

agreed upon a sentence of 87 months – roughly 7 ¼ years – incarceration. *See Plea*

*Agreement* at ¶ 9; *Plea Transcript* at 8; *Sentencing Transcript* at 3.

      Presiding Judge Browning specifically asked counsel what justified their

agreement to a sentence that constituted a "considerable . . . substantial variance" from

the Guidelines range. *See Sentencing Transcript* at 3. As counsel explained, their

agreement to the eighty-seven months reflected the fact that Defendant played a minor

role, yet did not qualify for a safety-valve treatment, and allowed him to avoid serving a

mandatory ten-year sentence.  *See id.* at 4-6, 8-10.

After reviewing the presentence report findings and recommendations, and noting there were no defense objections to them, Judge Browning adopted them.  *See id.* at 3, 11, 14.  He also "considered the factors set forth in 187 U.S.C. Section 3553(a)(1) through (7)."  *Id.* at 11.  He explained his reasoning in detail as follows:

> The offense level is 33, and the criminal history category is II, establishing a guideline imprisonment range of 151 to 188 months.  However, under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the Plea Agreement, which includes a specific sentence of 87 months, as the Court is satisfied the agreed sentence departs for justifiable reasons.

> The Court notes the defendant possessed with the intent to distribute a mixture and substance containing methamphetamine by transporting the substance on its (sic) person via bus.

> The Court has, as I think this record will reflect, carefully considered the guidelines, but in arriving at its sentence the Court has taken account not only the guidelines, but the other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense, committed by the applicable category of defendant, and after carefully considering the circumstances of this offense and the defendant's criminal history as well as how the guidelines work in setting in this case an extremely high base offense level because of a prior misdemeanor and, actually, a revocation of probation on the misdemeanor, the Court agrees with the parties that the punishment that's set forth in the guidelines is not appropriate for this sort of offense.

> The Court agrees with the parties that a sentence of 87 months is sufficient and adequate to reflect the seriousness of the offense.  I think it's long enough to promote respect for the law, and I do think it provides a more just punishment, given the circumstances of the misdemeanor.

> The Court also believes that it's long enough to afford

adequate deterrence, both on a general level and a specific level, and given that this is the defendant's first prior drug activity – or he doesn't have any prior drug activity, he does have the misdemeanor, I don't think we're talking a lot here about a need to protect the public.

While the Court's always concerned about a variance to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct, I do think the fact that this misdemeanor pushes him into a category of being not eligible for safety valve, but just barely creates a situation, that I don't think I need to emphasize that factor by staying within the guideline range.

And in conclusion I think that the – that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. Section 3553(a).

The Court also believes that this sentence is reasonable, it's more reasonable than the guideline sentence, and that this sentence is sufficient, without being greater than is necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act.

Therefore, as to Information 1:11-cr-01672-001 JB, the defendant, Hugo Mejia-Fernandez, is committed to the custody of the Bureau of Prisons for a term 87 months and is placed on supervised release for three years. Said term shall be unsupervised, with the standard conditions of supervised release, the mandatory conditions of supervised release, the following special condition: The defendant must not reenter the United States without legal authorization.

There's a provision in the standard conditions one related to employment and educational programs. I'm just going to eliminate that entirely because of him not being a citizen of the United States. And, also, there's one about notifying your employer or other people of criminal history and risk. I'm eliminating those. So I'll take those two standard conditions just out. The rest of the standard conditions will apply, plus the one about not reentering, the special condition that the defendant must not reenter the United States without legal authorization.

The Court recommends Immigration and Customs

-6-

> Enforcement begin removal proceedings during service of
> sentence.

*Id.* at 11-14.

Judge Browning reviewed with Defendant the stiff penalties he would face if he were to reenter the United States after he served his sentence and was deported to Mexico. *See id.* at 17-19. Defense counsel observed that he "went through the guidelines . . . and explained to [Defendant] what would happen if he came back," and gave Defendant an "estimate [of] a level 20 or 21 . . . ***given the prior conviction.***" *Id.* at 18 (emphasis added).

Judge Browning also noted that Defendant waived his right to appeal the sentence and conviction, and these waivers are generally enforceable, but that Defendant could present any reason he believed his waiver was unenforceable to the appellate court. *See id.* at 14-15.

## Analysis

### A.  *Premature Claim – Consequences Of Future Reentry*

In Ground One, Defendant asserts that a court may not use an "alien's underlying felony conviction to enhance" the base level or criminal history calculations "[i]n sentencing [an] [a]lien [for] unauthorized entry into [the United States] after deportation," because the same is "impermissible . . . double counting." *Doc. 1* at 5. Defendant cites *United States v. Crawford,* 18 F.3d 1173 (4th Cir.), *cert. denied,* 513 U.S. 860 (1994), in support of his legal position. However, that case stands for precisely the

opposite proposition.[3]  In any event, Defendant thus appears to question either:  (1) Judge Browning's note about the consequences that would flow from a future reentry; or (2) his attorney's estimate of a later Guideline "level . . . given the prior conviction."  As to either alternative, the argument is premature.

It is true that a plea "based on grossly inaccurate advice about the actual time he would serve in prison" does state "a colorable claim of a constitutional violation." *Gonzalez v. Crosby,* 545 U.S. 524, 542 (2005).   Nevertheless, Defendant has not committed the crime of reentry or been sentenced for it.  Article III authority and habeas statutes do not empower the Court to give advisory opinions about, or prospective relief from, a possible future crime.  *See, e.g., Rhodes v. Judiscak,* 676 F.3d 931, 933-35 (10th Cir.) (decisions discussed in addressing redressability and mootness in context of habeas action), *cert. denied,* 133 S. Ct. 29 (2012); *United States v. Combe,* 437 F. App'x 644 (10th Cir. 2011) (decisions discussed in addressing ripeness and lack of effect of ruling on present custody in context of challenge to future "sexually dangerous" determination; decisions); *Jordan v. Sosa,* 645 F.3d 1012, 1025-26 (10th Cir. 2011) (decisions discussed in addressing standing and mootness in context of declaratory actions).

---

[3] *See Crawford,* at 1179-80 ("In a literal sense, Crawford's November 1990 aggravated felony conviction was counted twice-it was employed to enhance his offense level and his criminal history category.  However, Crawford does not, nor could he, argue that the district court did not follow the plain meaning of the guidelines as written.  Rather, without citing to any authority, Crawford contends that the Sentencing Commission did not intend such a result.  We disagree. . . .  We . . . cannot take issue with the discretionary choice made by the Sentencing Commission to punish certain previously deported aliens more severely than others.  Accordingly, we must reject Crawford's 'double counting' argument.  . . . in a related argument, Crawford contends that, in calculating his criminal history category . . . amounts to impermissible 'triple counting.'  We disagree. . . . 'triple counting' will be upheld unless it is expressly prohibited by the guidelines. . . .  Because the guidelines were applied as written, as Crawford readily concedes, Crawford's 'triple counting' argument cannot be sustained.  The Sentencing Commission's determination not to prohibit the 'triple counting' that occurred here is, without question, logical and rational.").

Alternatively, to the extent explanations about the legal consequences of his plea could in some way be construed to challenge the validity of the plea and sentence at issue, the claim is without merit. The Plea Agreement, Plea Transcript and Sentencing Transcript conclusively establish that Defendant's plea was voluntary, and that the explanations about severe penalties for a future reentry did not result in any prejudice to Defendant.[4]  Furthermore, he assured Judge Browning that "once I serve my sentence I will never come back here." *Sentencing Transcript* at 10.

### B.  Potentially Meritorious Claim – Ineffective Assistance Of Counsel

Under *Strickland*, Defendant must demonstrate that counsel's conduct was constitutionally deficient and that but for the conduct, the result of the proceeding would have been different. Failure to make either showing defeats the claim. *See, e.g., Strickland v. Washington,* 466 U.S. 668, 687 (1984).

In Ground One, Defendant declares under penalty of perjury that his assault conviction is "constitutionally invalid for lack of assistance of counsel." *Doc. 1* at 5; *see also id.* at 9. This raises a factual dispute since the United States relies on paragraph 27 of the PSR and asserts that Defendant "received criminal history points for a

---

[4]  *See, e.g., United States v. Mitchell,* 633 F. 3d 997, 1001-02 (10th Cir. 2011) (standards for evaluating voluntariness of pleas where counsel's advice at issue); *Tovar Mendoza v. Hatch,* 620 F.3d 1261, 1269 (10th Cir. 2010) (decisions discussed regarding standards for evaluating voluntariness of pleas); *Crofford v. Rudek,* 420 F. App'x 806, 811 (10th Cir. 2011) ("As we have explained on numerous occasions, to enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence. . . . Crofford's complaints about his trial attorneys are a thinly disguised claim of ineffectiveness of counsel. . . . Ineffective assistance of counsel could be shown by faulty advice about the process or the consequences, but that is only half of the battle.  Assuming, contrary to the evidence, that such was the case here Crofford's showing of prejudice is lacking because the trial judge adequately explained those matters and Crofford acknowledged his understanding.") (internal quotations, citations, and alterations omitted).

misdemeanor assault conviction, where ***under the advice of defense counsel,*** [he] pled

guilty and received a 90 day sentence." *Response* at 5 (emphasis added); *see also id.* at 3

(same).   The PSR does not indicate whether counsel was present for the revocation

proceeding.  *See PSR,* ¶ 27.   The Chandler Municipal Court website, which does have

some information about this case available online, does not show whether Defendant was

represented by counsel.[5]

_____

[5] *See* http://www.chandleraz.gov/cjis/courtcasesearch/.  A search of "Mejia Fernandez Hugo"
yields two results.  The result for the person born in 1989, as was Defendant, yields the case "09-
C-3405891" for "assault" with a disposition date of "07/02/2009," which correlates to the case
number and the original plea date mentioned in the PSR.  The "disposition notes" available for
this case are set forth below.  They are not dispositive of whether Defendant was counseled at his
plea and/or probation revocation.  For example, there is no way to tell whether these notes are just
a list of codes or are somehow associated with numbered docket entries in the actual case.
Second, if they are associated with the case, none of the dispositions mention the name of defense
counsel.  The one entry that mentions "atty," highlighted below, appears to refer to an attorney in
another jurisdiction on another case.  Furthermore, some of the entries mention expungement and
file destruction.

| Dispo | Disposition Description |
|---|---|
| | No Current Disposition |
| 00 | Clerical error |
| 10 | Plea guilty or resp; sent susp or no fine pd or no prison |
| 11 | Plea guilty or resp, sent imposed & find pd or def imprisond |
| 12 | Bail or deposit given and declared forfeited |
| 20 | Judg. guilty/resp; sent susp or fine not pd & no imprisonmnt |
| 21 | Judg. guilty/resp; sent imposed & fine pd or def imprisoned |
| 22 | Judgmnt of guilty/resp; bail/deposit applied to fine pmt |
| 30 | Judgment of aquittal or not responsible |
| 43 | Complaint dismissed on motion of court or defendant |
| 44 | Complaint dismissed on appl. of cnty/city/town attorney |
| 45 | Complaint dismissed following request of arresting officer |
| 54 | Non-resident Violators Compact |
| 55 | Failure to pay civil sanction |
| 56 | Defendant FTA in court; warrant of arrest issued |
| 57 | Defendant FTA in court; no warrant of arrest issued |
| 58 | Defendant FTA; default judgment, license suspension ordered |
| 59 | Judgment/conviction set aside |
| 59E | Judgment/conviction set aside - entry made in error |
| 60 | Warrant Cancelled |
| 61 | Juvenile Failure to Appear Pre-Adjudication (Internal Code) |
| 63 | Def released or remanded to another court for prosecution |

Defendant argues that his state conviction was not counseled, is "invalid," and "influenced" his present sentence.  He contends that, in light of the state conviction's purported invalidity, Judge Browning "should reconsider [his] sentence."  *Doc. 1* at 5.  Thus, I consider Defendant's claim to be that his attorney in the federal conviction proceedings was ineffective for failing to challenge the state prior conviction as invalid, and thereby exempting it from consideration under the Guidelines.

"[W]hen defense counsel provides ineffective assistance by failing to raise a sentencing error during the sentencing proceeding and on appeal, a defendant is prejudiced if 'there is an increase in the actual amount of jail time that may be served using the improperly-applied guideline range,' even if that increase is minimal."  *United States v. Rayford,* ___ F. Appx. ___, ___, No. 12–3006, 2012 WL 3860017, at * 2 (10th Cir. Sep. 6, 2012) (quoting *United States v. Horey,* 333 F.3d 1185, 1188 (10th Cir. 2003)).  Since the misdemeanor assault conviction precluded use of the safety valve provision, and since use of that provision would have resulted in a Guideline range lower than what

---

| | |
|---|---|
| 64 | ***Def. released to atty for another juristiction for prosec*** |
| 65 | Def released to officer of another jurisd. for prosecution |
| 67 | Charge amended |
| 70 | Appeal |
| 71 | Court Purged Violation Record |
| 76 | Expungement |
| 99 | OSC Disposition (no longer used) |
| AC | (No Longer Used) |
| D4 | DIVERSION PROGRAM (No Longer Used) |
| DP | DEFERRED PROSECUTION |
| DS | DEFERRED SENTENCING |
| ES | Error Status - Can only be amended or dismissed |
| EX | Expungement |
| NF | NO COMPLAINT FILED |
| SP | SPECIAL ACTION |
| XX | NOT REQUIRED - THE CJIS SYSTEM REQUIRED THIS CASE TO BE |
| ZZ | CASES DESTROYED |

the parties agreed to and the Court imposed, the prejudice prong is satisfied.

In addition, the Guidelines and a decision by Judge Browning provide that use of an uncounseled misdemeanor conviction is erroneous.  Therefore, counsel's failure to challenge it was arguably deficient.  The PSR applied the 2010 version of the Guidelines. *See PSR,* ¶ 16.  Application Note 6 to § 4A1.2 has not changed from earlier version cited by Judge Browning, or from subsequent versions:

> 6.  Reversed, Vacated, or Invalidated Convictions. —Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted.  With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (e.g., 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).
>
> Nonetheless, the criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to §4A1.3 (Adequacy of Criminal History Category).

U.S.S.G. § 4A1.2, comment. n. 6 (Nov. 2010); *see also United States v. Madrid-Gomez,* 724 F. Supp. 2d 1141, 1148 (D.N.M. 2010) (Nov. 2009 version of same);  U.S.S.G. § 4A1.2, comment. n. 6 (Nov. 2011).

In *Madrid-Gomez,* District Judge Browning noted that, despite the clear language of the Note that prior convictions must first be declared invalid to be exempt from use in a Guidelines calculation, Tenth Circuit decisions authority required the opposite conclusion.  Accordingly, he held that uncounseled misdemeanor sentences for which jail time was imposed are not to be counted in a defendant's criminal history score.  *Madrid-*

*Gomez,* 724 F. Supp. 2d at 1148.  To-date, the Supreme Court and Tenth Circuit have not

held otherwise.  In addition, based on what is available publicly and electronically,

expungement may be an alternative basis to have excluded consideration of the

conviction.[6]

Since both prongs of the *Strickland* test cannot conclusively be rejected, the claim

presents a disputed factual issue that could be potentially meritorious.

### C.  Meritless & Waived Claims

In Ground Two, Defendant makes two related claims.  He first asserts that

sentencing judges must make an individualized assessment of the appropriate sentence

and, while the Guidelines are a starting point, the judges have wide discretion to consider

any evidence relevant to the sentencing determination.  *Doc. 1* at 6.  He cites *Gall v.*

*United States,* 552 U.S. 38 (2007), a decision where the sentencing judge considered, but

went outside of, the recommended Guideline range and imposed probation instead of a

term of incarceration.  Defendant next asserts that attorneys are ineffective if they fail to

raise "an available claim" when they "appeal[] a criminal defendant's sentence." *Doc. 1*

---

[6] As reflected in footnote 5, the available online Chandler records mention expungement, which, depending on the circumstances, may also disqualify the conviction from use in computing criminal history.  *See* U.S.S.G. § 4A1.2(j) (2010) ("Sentences for expunged convictions are not counted, but may be considered under §4A1.3 (Adequacy of Criminal History Category)."); *see also, e.g., United States v. Pech-Aboytes,* 562 F.3d 1234, 1239 (10th Cir. 2009) ("the Guidelines direct courts not to count sentences for "expunged convictions") (internal quotations and citation omitted) (quoting U.S.S.G. § 4A1.2(j), and later quoting Application Notes 6, 10 to §4A1.2 for same); *United States v. Myrick,* 94 F. App'x 804, 807 (10th Cir. 2004) ("a sentencing court 'must determine the basis for the expungement or dismissal of the prior offenses when deciding whether prior convictions should be included in calculating a defendant's criminal history category.' . . . A prior expunged conviction cannot be counted in determining a defendant's criminal history category if the expungement was based upon a determination of actual innocence or error of law. . . .  An expunged conviction can be counted, however, if the reason for the expungement was simply to 'restore civil rights or remove the stigma of a criminal conviction[.]'") (quoting *United States v. Hines,* 133 F.3d 1360, 1363 (10th Cir. 1998)).

at 6.  He cites *Ballard v. United States*, 400 F.3d 404 (6th Cir. 2005), a 2255 decision

where the Sixth Circuit found that trial counsel, who appealed a jury conviction, was

ineffective in failing to raise meritorious arguments on appeal that had consequences for

sentencing and resulted in prejudice.  If the Court considers these arguments separately

from the potentially meritorious issue raised in Ground One, then the claims have no

merit and are waived.

 For example, if Defendant means to suggest that Judge Browning did not

adequately consider the Guidelines, the record belies any such contention.  It was Judge

Browning who made inquiries to pinpoint the exact Guideline range if the safety valve

provision would have applied, and the quoted portion of his findings above demonstrate

that he was well aware of the available evidence bearing on his decision here.

 If Defendant means that he should have received a lower sentence than the one he

agreed to, he cites no additional factors or law that supports this position.  If by citing to

*Gall* he means to suggest that he should have received a sentence of probation, that case

is inapposite.[7]

 If Defendant means to argue that his attorney should have appealed and raised

arguments concerning Judge Browning's consideration of the Guidelines and other

---

[7]  The general principle in *Gall*, that a Court is to consider the Guideline range, does apply when courts decided whether to accept a Rule 11(c)(1)(C) agreement.  *See Freeman v. United States*, ___ U.S. ___, ___, 131 S. Ct.  2685, 2692-94 (2011).  However, *Gall* did not involve a Rule 11(c)(1)(C) plea, and the offense and Guideline range there is not comparable to the circumstances here.  *See Gall*, 552 U.S. at 41-43 (defendant became involved in ongoing "ecstasy/MDMA" distribution enterprise, but withdrew within a few months and had not engaged in any illegal activity for years before the matter was prosecuted; recommended sentencing range was 30 to 37 months imprisonment; sentenced to 36 months probation).  The overarching legal issue before the Court in *Gall* was not whether probation was a reasonable sentence, but whether the Court of Appeals in that case applied the correct standard of review.  *See, e.g., id.* at 47-48, 51, 53.

factors in reaching his sentencing decision, Defendant waived "the right to appeal the . . . conviction(s) and any sentence . . . at or under the maximum statutory penalty authorized by law [and] any collateral attack [under] 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." *Plea Agreement,* ¶ 11.

Thus, these claims are unsupported factually and legally, and are waived, unless they related to the potentially meritorious ineffectiveness claim.

### D.   Advisement Concerning Objections

Under 28 U.S.C. § 636(b)(1), parties may file written objections with the Clerk and if they do so, the must file their objections within fourteen days of service of these proposed findings to preserve appellate review. **If no objections are filed, then no appellate review will be allowed.** Even though these findings recommend appointment of counsel for Defendant, that will not occur until the findings are adopted. As such, if Defendant has objections to any portion of this report, he should file timely objections. **Even if Defendant has no objections, in light of the missing page of the petition, he should advise the Court within the fourteen-day period whether he raised any arguments in Ground 3.**

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1.  The Court dismiss the *pro se* claims save for the ineffectiveness claim;

2.  The Court appoint the Federal Public Defender to represent Defendant;

3.  Within a reasonable time after the Federal Public Defender's entry of appearance, counsel should advise the Court whether the defense intends to amend

the § 2255 petition to raise additional claims; and

    4.  Upon counsel's notice, the undersigned will conduct a status conference.


_____
UNITED STATES CHIEF MAGISTRATE JUDGE